IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DORSEY DEAN ADAMS,

                       Petitioner,

      v.                                          CASE NO. 05-3395-SAC

DAVID R. MCKUNE, et al.,

                       Respondents.

## **O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. 2254, filed while petitioner was incarcerated in a Kansas correctional facility. Having examined the record, the court grants petitioner leave to proceed in forma pauperis in this habeas action, and finds the petition is subject to being dismissed as untimely filed.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, imposes a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. 2244(d)(1). The running of this one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review within that one year period. *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

Here, petitioner was convicted on state criminal charges in May 2001. Petitioner filed no state court appeal, but at some undetermined time he filed a motion to withdraw his plea. Petitioner's appeal from the state district's court's denial of

that motion was completed in September 2003. In December 2003 petitioner filed a motion to correct his sentence. The state district court denied the motion in February 2004. Petitioner filed no timely appeal, but filed a motion in February 2005 for leave to appeal out of time from that state court decision. The Kansas Court of Appeals dismissed that appeal two months later, and petitioner sought no further review by the Kansas Supreme Court. In October 2005, petitioner filed the instant application for a writ of habeas corpus under 28 U.S.C. 2254.

On this record, it appears the one year period available to petitioner under AEDPA began running in June 2001, and was tolled when petitioner filed his motion to withdraw his plea. The running of the AEDPA limitation period resumed in September 2003, and was tolled in December 2003 when petitioner filed a motion to correct his sentence. It thus appears the time remaining in the AEDPA limitation period expired at some time between the state court's denial in February 2004 of petitioner's motion to correct the sentence, and petitioner's February 2005 motion for leave to file an out of time appeal. *See* Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000)(in appeal from state post-conviction motion, limitation period is tolled from filing date of application for leave to appeal out of time).

Accordingly, because it appears petitioner filed the instant petition outside the one year period provided under 28 U.S.C. 2244(d)(1) and (2), the petition is subject to being dismissed as time barred absent a showing by petitioner that he is entitled to equitable tolling of the limitation period.

"AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a

prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Simple excusable neglect is not sufficient.  Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(quotation and citations omitted).  Because petitioner's allegations in the present case appear to fall far short of establishing either of these required showings, the court directs petitioner to show cause why the petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. 2244(d)(1).

   IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed as time barred.

   **IT IS SO ORDERED.**

   DATED:  This 26th day of October 2005 at Topeka, Kansas.


                           s/ Sam A. Crow
                          SAM A. CROW
                          U.S. Senior District Judge

3