IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DORSEY DEAN ADAMS,**

                **Petitioner,**

      **v.**                                          **CASE NO. 05-3395-SAC**

**DAVID R. MCKUNE, et al.,**

                **Respondents.**

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 while petitioner was incarcerated in a Kansas correctional facility. Before the court is respondents' motion to dismiss the petition (Doc. 15).

Respondents indicate that petitioner was paroled in October 2005 to a detainer filed by another law enforcement agency. Citing Kansas Department of Corrections Records maintained online (KASPER),[1] respondents state that petitioner is listed as absconding in November 2005 and that he is subject to an outstanding parole violation warrant. Pursuant to the fugitive disentitlement doctrine, respondents seek dismissal of the petition.

The rule has long been that "although a prisoner's fugitive

---

[1] *See* http://docnet.dc.state.ks.us, the website for the Kansas Adult Supervised Population Electronic Repository (KASPER), Kansas Criminal Justice Information System.

status does not necessarily strip a case of its character as a justiciable controversy, it does however disentitle a petitioner in absentia to call upon the resources of the Court for determination of his claims." Gonzales v. Stover, 575 F.2d 827 (10th Cir. 1978)(*citing* Molinaro v. New Jersey, 396 U.S. 365 (1970)).

The court finds, however, that petitioner's status as an absconder for purposes of the fugitive disentitlement doctrine is far from clear. Although respondents' motion reflects information found on petitioner's KASPER information sheet, the court notes that petitioner is not listed on KASPER's list of parole absconders.

Respondents also cite a March 15, 2006, notation in the docket sheet in this matter which states that a copy of a court order mailed to plaintiff was returned as undelivered mail. The docketing text cites KASPER information stating that petitioner absconded on November 3, 2005, and that his location on that date was unknown. However, KASPER information dated November 9, 2005, shows petitioner's location in the State of Nebraska and the issuance of a Kansas Department of Corrections warrant.[2]

Moreover, the record in this case arguably reflects petitioner's compliance with court rules which require written notice from a pro se litigant of any change in the litigant's

---

[2]The court observes the inmate number petitioner provided with his Lincoln address (4337) does not match the current inmate number for petitioner within NE-DCS (63652). The court directs the clerk's office to correct the inmate number in petitioner's current mailing address to reflect petitioner's current NE-DCS number.

2

address.[3]  By a pleading dated November 1, 2005, petitioner notified the court of his change of address to 1700 Stone Street, Falls City, Nebraska.  By a pleading dated November 30, 2005, petitioner notified the court of his change of address to P.O. Box 22800 in Lincoln, Nebraska.  According to comparable online records maintained by the State of Nebraska,[4] petitioner appears to be serving a Nebraska sentence that began on February 28, 2006.  The Lincoln address provided appears to be either the Diagnostic and Evaluation Center for the Nebraska Department of Correctional Services (NE-DCS), or the NE-DCS Lincoln Correctional Center.

The court further finds petitioner is entitled to proper notice of respondents' motion.  Respondents certify their mailing of a copy of their motion to petitioner at the Falls City address, which clearly does not reflect the more current mailing address provided by petitioner in December 2005.

For these reasons, the court denies Respondents' motion to dismiss the petition.  The motion is denied without prejudice to respondents refiling their motion, if they choose to do so, with proper service to petitioner at his most current address in the record and with his inmate number as corrected by the court.

---

[3]*See* Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas("[e]ach...party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number.  Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice.").

[4]*See* http://dcs-inmatesearch.ne.gov/Corrections/COR_input.html, the website for the Inmate Population Information Locator, Nebraska Department of Correctional Services.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition (Doc. 15) is denied without prejudice.

The clerk's office is directed to correct the record to reflect petitioner's NE-DCS inmate number (63652), and to mail petitioner a copy of the docket sheet for this action and a copy of the court order sent to petitioner that was returned as undelivered mail.

**IT IS SO ORDERED.**

DATED:  This 24th day of March 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge