```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**DORSEY DEAN ADAMS,**

                             **Petitioner,**

            v.                                CASE NO. 05-3395-SAC

**DAVID R. MCKUNE, et al.,**

                             **Respondents.**

### O R D E R

Petitioner proceeds pro se on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254, filed while petitioner was incarcerated in a Kansas correctional facility. Having reviewed the record which includes respondents' answer and return, the court finds this matter is ready for decision.

Petitioner seeks relief on his claim that his state sentence is illegal because he is subject to a twelve month term of post-release supervision that was not part of his plea bargain agreement, and not part of the sentence pronounced by the state court judge.[1]

The relevant facts as clarified by respondents' answer and the related state court record disclose that petitioner was convicted in

---

[1]See e.g. Earley v. Murray, 451 F.3d 71, 75 (2nd Cir. 2006)(inclusion of five-year period of post-release supervision in petitioner's sentence when that post-release supervision term was not included in the sentence imposed at petitioner's sentencing hearing violated his rights under the Due Process Clause of the United States Constitution), pet. for rehearing denied, 462 F.3d 147 (2006).

a Kansas district court of burglary and aggravated escape from custody. (Jewell County District Court Case 01-CR-04). He filed a direct appeal which the Kansas Court of Appeals consolidated with petitioner's appeal from the district court's denial of petitioner's motion to withdraw his plea. The consolidated appeal resulted in no relief to petitioner, and the Kansas Supreme Court denied review on September 24, 2003.

On December 5, 2003, petitioner filed a motion in the state court to correct an illegal sentence, asserting essentially the same claim raised in the instant petition. The state district court denied the motion, finding petitioner's claim should have been raised in the direct appeal. The Kansas Court of Appeals dismissed petitioner's appeal on April 4, 2005, as abandoned pursuant to petitioner's fugitive status. Petitioner sought no review by the Kansas Supreme Court of this decision, and instead filed a habeas corpus petition in the Kansas Supreme Court on June 24, 2005, which that court summarily denied on September 21, 2005. Petitioner filed the instant petition in federal court in October 2005.

Respondents contend in part the petition should be denied because habeas review of petitioner's claim is barred by petitioner's procedural default in seeking relief in the state appellate courts. The court agrees.[2]

---

[2] Because the court finds federal habeas review is barred by petitioner's procedural default, the court does not address or decide respondents' alternative contentions that the petition should be found time barred because petitioner forfeited tolling of the federal limitations period by abandoning his state court appeal, and that petitioner has not demonstrated he is entitled to relief on the

The single ground raised in the instant petition was asserted for the first time in petitioner's post-judgment motion to correct an illegal sentence and to compel compliance with the plea bargain. The state district court denied relief on procedural grounds, and the Kansas Court of Appeals dismissed petitioner's appeal based on petitioner's abandonment of the appeal.  Federal habeas review of this claim thus is barred absent a showing by petitioner of cause for his procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if petitioner's claim is not considered.  *See* Coleman v. Thompson, 501 U.S. 722, 749 (1991)("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.").  Petitioner filed no traverse to respondents' assertion of procedural default, and makes no showing to excuse his failure to fully and properly exhaust state court remedies on the ground presented in the instant petition. Accordingly, the court finds federal habeas review is barred, and concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed and all relief is denied.

---

merits of his claim.

**IT IS SO ORDERED.**

DATED:   This 28th day of November 2006 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                  SAM A. CROW
                                  U.S. Senior District Judge